IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LUAL MARKO DENG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-154-Z-BR |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION AGENCIES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS COMPLAINT**

Lual Marko Deng ("Plaintiff") filed a civil Complaint against the Federal Bureau of Investigation ("FBI") and its Agencies and Unnamed Employees (collectively "the Defendant"). (ECF 3). Plaintiff requested permission to proceed *in forma pauperis*. (ECF 4).

The undersigned United States Magistrate Judge is of the opinion that Plaintiff's Complaint should be DISMISSED with prejudice as factually frivolous and Plaintiff should be barred from proceeding *in forma pauperis* ("IFP") in the future based on his frivolous filing history. Additionally, Plaintiff should be warned of the possibility of future sanctions with any future frivolous filings.

## I. PRELIMINARY SCREENING

Plaintiff's Complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). The statute provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A claim lacks an arguable basis in fact when it describes

"fantastic or delusional scenarios." *Id*. at 327-28; *see also Kolocotronis v. Club of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *Simmons v. Payne*, 170 Fed. App'x 906, 907–08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional).

Courts may dismiss a claim as *factually* frivolous "only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.   MERITS

Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton*, 504 U.S. at 32–33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's legal theory, that the FBI has committed "war crimes" is frivolous. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M*.,

503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

### A.  Factually Frivolous Claims

Plaintiff essentially claims, without ever listing any actual interactions with the FBI, FBI Agencies or any FBI employees, that the FBI has stalked him since birth, targeted him, surveilled him, stolen his identity, stolen his thoughts, implanted a microchip in his knee, copied his speech/voice, stolen his "trade secrets," and generally harassed him all his life. (ECF 3 at 1–6). All of these claims are frequently interspersed with Bible references, media stories, religious sayings, and quotations. *Id.* Specifically, Plaintiff makes the following statements in his Complaint:

- "FBI has stole [sic] my identity and kidnapped Lual and does not want to return what is rightfully mine." *Id.* at 1.

- "FBI has been stalking Lual Deng with illegal surveillance and wire tapping and trade secrets … for 22 years … Is this not true?" *Id.* at 3.

- [The stalking by the FBI] "caused my arm to break when I was a baby and when I grew up at 8, it caused my appendix to splat out of my stomach causing me surgery …" [sic] *Id.*

- "FBI is being charged with war crimes." *Id.*

- [At the direction of the FBI] "a physician illegally put a device in my knee." *Id.*

- "The FBI has been pursuing my life … before I was born." *Id.*

- "FBI is harboring a fugitive that is relentlessly trying to take my life." *Id.* at 4.

- "The microchip[']s purpose was to read my mind and transmit my voice waves … FBI was recording my voice words in hopes to accuse [sic] me of something … to frame me…" *Id.*

- "I have been defamed all over the world by news media and journalists" [as a result of the FBI's actions]. *Id.* at 6.

- "President Donald [J.] Trump has been using hush money to blackmail me … identity frauding [sic] Lual Deng on the media and tweets constantly and daily." *Id.*

- "Surely James Comey 7th FBI Director was terminated from office in 2017 because an [sic] espionage against [Plaintiff]." *Id.*

In addition to filing a Complaint with numerous and factually fantastical claims, the Plaintiff has submitted numerous other filings and motions with this Court based on such wild theories. (ECF 5–10, 12–26, 28–41, 43–52). In combined total, Plaintiff's 11-page Complaint is supplemented with over 1050 (frequently handwritten) pages of reiterations of the same storyline (the FBI's over 22 years of harassment since before his birth). In a single filing, Plaintiff submitted 435 pages of random rules and laws, with random personal statements throughout. (ECF 43, 43-1, 43-2). None of these filings detail specific interactions between the FBI and Plaintiff – rather, Plaintiff merely offers conjecture and wild accusations regarding his theory that the FBI has stalked and targeted him, with no support whatsoever of any questionings, arrests, interactions, or correspondence. Plaintiff cites to events in his life (e.g. a broken arm, a ruptured appendix, etc.) and merely incorporates his theory that the FBI was involved (in an entirely unexplained manner) in these events. *See* ECF 3 at 1–6.

Plaintiff's claims are factually frivolous. *See Starrett v. Lockheed Martin Corp.*, No. 3:17-CV-00988-D-BT, 2018 WL 1399177 at *3 (N.D. Tex. Mar. 9, 2018), *adopted by*, 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018) (finding that Plaintiff's claims against Defendants based on an alleged conspiracy to target him for military exercises and to remotely control his brain and body functions are frivolous because they are "fanciful, fantastic, or delusional."). Here, Plaintiff's claims that the FBI has targeted him before his birth to frame him, steal his thoughts, record his voice, implant a microchip in his knee, or otherwise stalk him are clearly delusional.

The Court recommends that the Complaint be dismissed with prejudice as factually frivolous because Plaintiff's claims are clearly fantastic and delusional.

### B. Jurisdictional Failures

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999), as the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Plaintiff chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts the plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). The plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction …

only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331; or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction. *See* U.S. CONST. ART. III, § 2, CL. 2. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction over the alleged controversy. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976

(5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc*., 622 F.2d 179, 181 (5th Cir. 1980)).

District courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, establishing federal-question jurisdiction is more limited and difficult than the "arising under" language might suggest. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The question whether a claim "arises under" federal law is determined by the well-pleaded complaint rule. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). The longstanding rule requires that it be clear from the face of the plaintiff's original complaint that a federal question is asserted. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "[C]ases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm., Inc*., 478 U.S. at 808. Thus, to establish federal-question jurisdiction, a plaintiff must specifically allege on the face of the complaint a cause of action created by a federal law. *See id*.

The most common way to assert a federal question is to allege in the complaint that a plaintiff was injured by a defendant in violation of a specific federal statute that has a cause of action with a remedy. *Id*. Here, Plaintiff's *pro se* pleadings fail to allege federal question jurisdiction on the basis of any statute.

Even "[i]f a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc*., 812 F.2d 973, 976 (5th Cir. 1987). So, for Deng to establish federal-question jurisdiction, he must have specifically alleged facts on the face of his complaint that satisfy a cause of action created by a federal law. *See Merrell Dow Pharm., Inc*., 478 U.S. at 808; *Margin*, 812 F.2d at 976. Additionally, the Court may look outside of the pleadings to determine whether the

facts alleged in the pleadings support subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

This Court cannot say that Plaintiff's pleadings support federal-question jurisdiction. *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808; *Margin*, 812 F.2d at 976. Although allegations made in a complaint by a pro se plaintiff are liberally construed, the facts alleged by Plaintiff, even viewed in the most liberal fashion, simply do not state or describe a cause of action in which federal-question jurisdiction is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Plaintiff has failed to allege on the face of the complaint a statutory cause of action created by federal law. *Merrell Dow Pharm., Inc.*, 478 U.S. 804, 808 (1986). Moreover, Plaintiff has failed to allege facts that can satisfy, without naming a statute, the jurisdictional requirements of a federal question. *See Margin*, 812 F.2d at 976.

A district court may have subject matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00, *and* the action is between citizens of different states. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *See Whalen v. Carter*, 654 F.2d 1087, 1094 (5th Cir. 1992). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000); *see also Vela v. Manning*, 469 Fed. Appx. 319, 320 (5th Cir. 2012) (not selected for publication). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094.

Plaintiff also bears the burden of establishing the amount in controversy by providing a factual basis for the damages claimed. *See Hartford Ins. Group v. LouCon Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Die fenthal v. C .A. B.*, 681 F.2d 1039, 1052–53 (5th Cir. 1982) ("the party invoking [diversity] jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit"). The general rule has been to accept the complaint's claimed amount in controversy, unless it appears or is shown that the amount is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The "good faith" inquiry focuses on whether "the claim is really for less than the jurisdictional amount." *Id*. " "[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Die fenthal*, 681 F.2d at 1052. Here, Plaintiff's supplemental materials indicate an amount in controversy in excess of the jurisdictional amount; however, as discussed above, Plaintiff's failure to present remotely plausible factual claims nullifies a rational factual basis for this Court to find that the amount in controversy for any "injury" would actually exceed $75,000.

Despite these jurisdictional failures, the Court has also determined that Plaintiff's Complaint is factually frivolous, as discussed above. Thus, Plaintiff's Complaint should be dismissed with prejudice whereas a simple lack of jurisdiction typically results in dismissal without prejudice.

### C.  Filing History, IFP Denial, and Recommended Sanction Warning

*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigations, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff has filed five *pro se* civil actions with this Court. On April 5, 2018, Plaintiff submitted his first claim, initially requesting permission to proceed *in forma pauperis*, and later paying the filing fee in full. *See Deng v. Parker, et al.*, 2:18-CV-00061-D-BR (N.D. Tex. Nov. 29, 2018). In his first case, Plaintiff made no mention of the FBI, but raised the same factual premise that a microchip was implanted in his knee by his orthopedic surgeon (Dr. Parker, lead Defendant), and that such device was used to control his thoughts and steal trade secrets. *Id*. On November 29, 2018, the Court dismissed Plaintiff's claims as for failure to invoke the Court's jurisdiction, and noted that Plaintiff's claims were delusional. *Id*. Plaintiff appealed the Judgment to the Fifth Circuit Court of Appeals, and his appeal was dismissed as frivolous:

> The district court dismissed Deng's amended complaint sua sponte because his claims lacked the legal plausibility necessary to invoke federal subject matter jurisdiction…Deng fails to brief any issue relevant to the district court's dismissal of his amended complaint or otherwise challenge the court's jurisdictional conclusion…Because Deng's appeal is frivolous, it is DISMISSSED.

*Deng v. Parker*, 799 Fed. App'x 301, 302 (5th Cir. 2020).

On October 1, 2019, Plaintiff filed a *pro se* lawsuit against an unnamed Walmart Employee, requesting permission to proceed *in forma pauperis*. Plaintiff alleged the employee caused him to fall and injure himself by blocking his path to the door when Plaintiff, admittedly, was trying to steal merchandise from the store. *See Deng v. Walmart Employee*, 2:19-CV-190-Z-BR (N.D. Tex. May 28, 2020). On May 28, 2020, this Court dismissed Plaintiff's claim for failing to invoke this Court's subject matter jurisdiction. *Id*. Plaintiff's appeal was dismissed for failure to file a brief as required. *Id*. In rapid succession after the dismissal of his case against the Walmart Employee, Plaintiff filed three civil lawsuits (including the instant lawsuit), requesting permission to proceed *in forma pauperis* in each case. *See Deng v. Kelly Servs., Inc.*, 2:20-CV-00182-Z-BR (N.D. Tex. July 30, 2020); *see also Deng v. Chick-Fil-A, et al.*, 2:20-CV-00257-Z-BR (N.D. Tex. Oct. 29,

2020). Although the latter two cases will be addressed by separate recommendation, it is clear they also fail to invoke this Court's subject matter jurisdiction.

This Court recommends that Plaintiff be prohibited from proceeding IFP in future filings, based on his filing history. Specifically, the Court recommends the following language be included in a final Order of Dismissal and/or Judgment:

> Plaintiff is BARRED from filing any *pro se, in forma pauperis*, civil action in this Court or initiating any civil pleading in any court subject to this Court's jurisdiction unless Plaintiff has sought and obtained advance written permission of a judge of the forum court before filing any *pro se in forma pauperis* civil pleading or complaint.

Additionally, the Court recommends that Plaintiff be issued the following warning concerning future filings:

> If Plaintiff persists in filing frivolous or baseless cases, or cases over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing *any* further action. *See* Fed. R. Civ. P. 11(b)(2), (c)(1) (providing for *pro se* litigants or attorneys); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195–197 (5th Cir. 1993) (a violation of Rule 11(b) justifies sanctions).

### D. Futility of Allowing Opportunity to Amend

Ordinarily a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.' " *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Where a court finds that the plaintiff has alleged his or her best case, dismissal with prejudice without an opportunity to amend is appropriate. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). In this manner, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.' " *Gregory v. McKennon*, 430 Fed. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

Here, the Court has determined that Plaintiff's claims are fantastic and delusional and are thus factually frivolous. Plaintiff has submitted over 1050 pages of supplemental information and has entirely failed to state a plausible factual claim. Amendment would be futile.

### III.    ORDERS

The Court ORDERS the following:

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED. (ECF 4, 11, 27, and 42).

2. Plaintiff's voluminous motions, including Motions for Arrest Warrants, Default Judgment, Bench Warrants, Search Warrants, Miscellaneous Relief, Bankruptcy Referral and Discovery are DENIED. (ECF 6, 7, 10, 17, 19, 22, 28, 43, 48, 50, and 51).

IT IS SO ORDERED.

### IV.    RECOMMENDATIONS

The Court RECOMMENDS the following:

1. The imposition of a *pro se in forma pauperis* filing sanction, as follows: Plaintiff is BARRED from filing any pro se, in forma pauperis, civil action in this Court or initiating any civil pleading in any court subject to this Court's jurisdiction unless Plaintiff has sought and obtained advance written permission of a judge of the forum court before filing any pro se in forma pauperis civil pleading.

2. Plaintiff's Complaint should be DISMISSED WITH PREJUDICE as factually frivolous.

3. Plaintiff should be warned that the filing of future frivolous lawsuits, seeking permission to file frivolous lawsuits, or filing other frivolous pleadings will result in the imposition of monetary sanctions, complete filing bars, or other Rule 11 Sanctions.

IT IS SO RECOMMENDED.

## V.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

ENTERED January 26, 2021.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).